# EXHIBIT A

**SUMMONS**

Attorney(s) <u>Peter Kober, Esq., Kober Law Firm, LLC</u>

Office Address <u>1864 Route 70 East</u>

Town, State, Zip Code <u>Cherry Hill, NJ 08003</u>

Telephone Number <u>(856) 761-5090</u>

Attorney(s) for Plaintiff <u>Joshua Wolfe</u>

JOSHUA WOLFE

_____

Plaintiff(s)

vs.

STATE OF NJ DEPARTMENT

OF CORRECTIONS, et al.

Defendant(s)

**Superior Court of
New Jersey**

<u>Cumberland</u> [▾] County

<u>Law</u>          Division

Docket No: <u>CUM-L-000768-21</u>

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
_____
Clerk of the Superior Court

DATED: <u>11/19/2021</u>

Name of Defendant to Be Served: <u>State of New Jersey Department of Corrections</u>

Address of Defendant to Be Served: <u>Bates Building, Whittlesey Rd & Stuyvesant Ave, Trenton, NJ 08625</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Joshua Wolfe

---

| | |
|---|---|
| JOSHUA WOLFE,<br><br>         Plaintiff<br><br>         vs.<br><br><br><br><br>STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS,<br>UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent<br>unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY<br>and JOHN/JANE DOES 1-40,<br><br>         Defendants | Superior Court of New Jersey<br>Law Division: Cumberland County<br><br>Docket No. ___CUM-L-_____<br><br>Civil Action<br><br>**VERIFIED COMPLAINT<br>AND JURY DEMAND** |

JOSHUA WOLFE, residing at Northern State Prison, 168 Frontage Road, in the City of

Newark, County of Essex, and State of New Jersey, by way of complaint against the above-

named defendants, alleges as follows:

COUNT I

COMMON LAW CLAIM FOR ACTING IN CONTRAVENTION OF REGULATIONS IT HAD
PROMULGATED AGAINST DEPARTMENT OF THE STATE

1.  Plaintiff, JOSHUA WOLFE, is an adult individual, who is an inmate serving a term of

    imprisonment in state prison, currently at Northern State Prison, 168 Frontage Road, in

    the City of Newark, County of Essex, and State of New Jersey 07114.

2. On and prior to December 7, 2020, Plaintiff, JOSHUA WOLFE, was a resident of Southern State Correctional Facility, located at 4295 N. Delsea Drive, in the Township of Maurice River, County of Cumberland, and State of New Jersey 08314.

3. Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, is an entity of the State of New Jersey, with a principal office at Bates Building 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer and State of New Jersey 08625.

4. Defendant, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, is a corporate entity, which operates the medical departments of the New Jersey state prisons, under contract with NJDOC, with a principal office at Bates Building 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer, and State of New Jersey 08625.

5. Defendants, JOHN/JANE DOES 1-20, sued in their individual capacities, are fictitious corrections officers and/or supervisors, whose actual identity is unknown, employed inside Southern State Correctional Facility, by Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, with a principal office at Bates Building 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer and State of New Jersey 08625.

6. Defendants, JOHN/JANE DOES 21-40, sued in their individual capacities, are fictitious medical providers and/or supervisors, whose actual identity is unknown, employed inside state prisons, by Defendant, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, with a principal

office at Bates Building 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer and State of New Jersey 08625.

7. On December 4, 2020 at approximately 7:30 P.M., Plaintiff, JOSHUA WOLFE, was housed on Unit 12, A-Wing 5 down, in Southern State Correctional Facility.

8. At that time and place Plaintiff, JOSHUA WOLFE, became informed by another inmate of the existence of a threat to his life by a second other inmate on the same Wing.

9. Upon learning of a threat to his life, Plaintiff, JOSHUA WOLFE, immediately approached Corrections Officer Francher who was situated at a desk outside the Unit.

10. Plaintiff, JOSHUA WOLFE, told Corrections Officer Francher that he feared for his life.

11. Plaintiff, JOSHUA WOLFE, further told Corrections Officer Francher that because he feared for his life, he couldn't go back to his unit.

12. Corrections Officer Francher told Plaintiff, JOSHUA WOLFE, to sit in the day room while he requested a sergeant to come to the scene.

13. Plaintiff, JOSHUA WOLFE, sat in the day room and waited for a sergeant to arrive.

14. Defendant, Sergeant JOHN/JANE DOE 1 did arrive in the day room.

15. Defendant, Sergeant JOHN/JANE DOE 1 was accompanied by about three officers.

16. Plaintiff, JOSHUA WOLFE, was placed in handcuffs.

17. Plaintiff, JOSHUA WOLFE, was then transported to the B-compound infirmary.

18. Defendant, Sergeant JOHN/JANE DOE 1, asked Plaintiff, JOSHUA WOLFE, why he couldn't go back to his unit.

19. Plaintiff, JOSHUA WOLFE, told Defendant, Sergeant JOHN/JANE DOE 1, that he had

3

become knowledgeable of a threat by another inmate on his unit to kill him.

20. Plaintiff, JOSHUA WOLFE, was then examined by a nurse in B compound infirmary.

21. Plaintiff, JOSHUA WOLFE, never gave urine to be tested for drug intoxication.

22. Two other corrections officers then transported Plaintiff, JOSHUA WOLFE, to A-compound infirmary.

23. Upon arrival in A-compound infirmary, Plaintiff, JOSHUA WOLFE, was placed in a suicide watch cell, cell #2 in A-compound infirmary.

24. The suicide watch cell, cell #2 in A-compound infirmary, in which Plaintiff was placed, was not a cell on a Protective Custody unit.

25. Plaintiff's statement to Defendant, Sergeant JOHN/JANE DOE 1, in B-compound infirmary that he couldn't go back to his unit because he had become knowledgeable of a threat by another inmate on his unit to kill him, was a voluntary request to be placed in Protective Custody.

26. Plaintiff, was not referred by Defendant, Sergeant JOHN/JANE DOE 1, to a Custody Supervisor for the purpose of completing a voluntary protective custody consent form.

27. Rather, upon information and belief, upon order issued by Defendant, Sergeant JOHN/JANE DOE 1, Plaintiff, JOSHUA WOLFE, was placed by two other corrections officers in a suicide watch cell, cell #2 in A-compound infirmary.

28. Under regulations promulgated by Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, Plaintiff, JOSHUA WOLFE, had a right, upon voluntarily requesting placement in Protective Custody, to a referral to a Custody Supervisor to complete a

4

voluntary protective custody consent form, temporary placement on a Protective

Custody unit, and an investigation by an Administrator into the reasons for the

voluntary request for Protective Custody; the correctional facility bears the burden of

establishing a basis for refusing the request. N.J.A.C. 10A:5-5.1(b).

29. Regulations promulgated by Defendant, STATE OF NEW JERSEY DEPARTMENT OF

CORRECTIONS, have the force of law.

30. By violating or interfering with the regulations codified at N.J.A.C. 10A:5-5.1(b),

Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, acted in

contravention of the regulations it had promulgated.

31. The case law of this State recognizes that it is unlawful for a department or

administrative agency to disregard the regulations it has promulgated.

32. By disregarding, through its acts and/or omissions, the regulations it had promulgated,

codified at N.J.A.C. 10A:5-5.1(b), Defendant, STATE OF NEW JERSEY DEPARTMENT OF

CORRECTIONS, acted unlawfully towards Plaintiff.

33. As a direct and proximate result of the conduct of Defendant, STATE OF NEW JERSEY

DEPARTMENT OF CORRECTIONS, as aforesaid, Plaintiff, JOSHUA WOLFE, ended up in cell

#2 in A-compound infirmary; there suffered physical injury, including permanent injury,

needed medical care, incurred medical expense, emotional distress and mental anguish.

WHEREFORE, Plaintiff, JOSHUA WOLFE, demands judgment against Defendant, STATE OF

NEW JERSEY DEPARTMENT OF CORRECTIONS, for compensatory damages, punitive damages,

interest and costs of suit.

5

COUNT II

42 U.S.C. SECTION 1983 CLAIM FOR DENIAL OF PROCEDURAL DUE PROCESS AGAINST
FICTITIOUS INDIVIDUAL DEFENDANTS SUED IN THEIR INDIVIDUAL CAPACITIES

34. Plaintiff, JOSHUA WOLFE, repeats the allegations of the First Count, and incorporates

the same by reference as if fully set forth at length herein.

35. Plaintiff sues under 42 U.S.C. Section 1983.

36. Plaintiff, JOSHUA WOLFE, had a liberty right, under N.J.A.C. 10A:5-5.1(b), upon

voluntarily requesting placement in Protective Custody, to a referral to a Custody

Supervisor to complete a voluntary protective custody consent form, temporary

placement on a Protective Custody unit, and an investigation by an Administrator into

the reasons for the voluntary request for Protective Custody; the correctional facility

bears the burden of establishing a basis for refusing the request.

37.  By violating or interfering with Plaintiff's liberty right, by denying him the process that

was due, Defendants, Sergeant JOHN/JANE DOE 1, and JOHN/JANE DOES 2-5, infringed

on Plaintiff's Fourteenth Amendment right to procedural due process.

38. As a direct and proximate result of the conduct of Defendants, Sergeant JOHN/JANE

DOE 1, and JOHN/JANE DOES 2-5, as aforesaid, Plaintiff ended up in cell #2 in A-

compound infirmary; there suffered physical injury, including permanent injury, needed

medical care, incurred medical expense, emotional distress and mental anguish.

WHEREFORE, Plaintiff, JOSHUA WOLFE, demands judgment against Defendants, Sergeant

JOHN/JANE DOE 1, and JOHN/JANE DOES 2-5, for compensatory damages, punitive damages,

reasonable attorney's fees, interest and costs of suit.

6

## COUNT III

42 U.S.C. SECTION 1983 CLAIM FOR RETALIATION FOR ASSERTION OF A PROTECTED RIGHT
AGAINST FICTITIOUS INDIVIDUAL DEFENDANTS SUED IN THEIR INDIVIDUAL CAPACITIES

39. Plaintiff, JOSHUA WOLFE, repeats the allegations of the First-Second Counts, and

incorporates the same by reference as if fully set forth at length herein.

40. The request by Plaintiff, JOSHUA WOLFE, to be voluntarily placed in Protective Custody,

was the assertion of a liberty right and therefore protected activity.

41. The placement of Plaintiff in a suicide watch cell, cell #2 in A-compound infirmary, upon

order issued, upon information and belief, by Defendant, Sergeant JOHN/JANE DOE 1, or

Defendants, JOHN/JANE DOES 2-10, was retaliation for the assertion of a liberty right by

Plaintiff, JOSHUA WOLFE, to be voluntarily placed in Protective Custody.

42. The purported legitimate reasons for placement of Plaintiff, JOSHUA WOLFE, in a suicide

watch cell, cell #2 in A-compound infirmary, were pretext for illegal retaliation for

assertion of a protected right.

43. The law recognizes that 42 U.S.C. Section 1983 protects against retaliation for the

assertion of a protected right.

44. By retaliating for the assertion of a protected right, Defendants, Sergeant JOHN/JANE

DOE 1 and/or Defendants, JOHN/JANE DOES 2-10, acted unlawfully towards Plaintiff.

45. As a direct and proximate result of the conduct of Defendants, Sergeant JOHN/JANE

DOE 1 and JOHN/JANE DOES 2-10, as aforesaid, Plaintiff ended up in cell #2 in A-

compound infirmary; there suffered physical injury, including permanent injury, needed

medical care, incurred medical expense, emotional distress and mental anguish.

7

WHEREFORE, Plaintiff, JOSHUA WOLFE, demands judgment against Defendants, Sergeant JOHN/JANE DOE 1 and JOHN/JANE DOES 2-10, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## COUNT IV

### COMMON LAW CLAIM FOR ACTING IN CONTRAVENTION OF REGULATIONS IT HAD PROMULGATED AGAINST DEPARTMENT OF THE STATE

46. Plaintiff, JOSHUA WOLFE, repeats the allegations of the First-Third Counts, and incorporates the same by reference as if fully set forth at length herein.

47. On December 5, 2020, Plaintiff, JOSHUA WOLFE, awoke and did a bowel movement in the toilet in his cell, cell #2 in A-compound infirmary.

48. While cleaning himself after the bowel movement with toilet tissue, Plaintiff soiled his hands by getting excrement on his hands and fingers.

49. Plaintiff walked over to the sink in his cell to wash his hands and fingers.

50. Plaintiff, JOSHUA WOLFE, discovered that the sink in his cell was not functional.

51. Plaintiff, JOSHUA WOLFE, told an officer he had gotten excrement on his hands and he couldn't wash his hands because the sink was broken.

52. Plaintiff, JOSHUA WOLFE, asked the same officer if he could be given anything to wash the excrement off his hands.

53. The officer refused Plaintiff, JOSHUA WOLFE's request.

54. Later on December 5, 2020, Plaintiff, JOSHUA WOLFE, was provided with his first meal in the suicide watch cell.

8

55. This meal, and all subsequent meals, came on a Styrofoam tray labeled "finger foods only."

56. Plaintiff, JOSHUA WOLFE, protested to the officer that he couldn't eat his finger food with excrement all over his hands and fingers.

57. Plaintiff, JOSHUA WOLFE, requested some soap, sanitizer and water with which to wash his hands and fingers.

58. The officer refused Plaintiff, JOSHUA WOLFE's request.

59. Further, the officer laughed and told Plaintiff "either you eat or you starve!"

60. Plaintiff, JOSHUA WOLFE, further asked the officer if someone could fix the sink in the suicide watch cell.

61. The officer refused to convey Plaintiff, JOSHUA WOLFE's request for a repair to the sink.

62. For the remainder of his stay in the suicide watch cell, Plaintiff, JOSHUA WOLFE, was denied soap and water.

63. As a result of being denied soap and water and being required to eat finger foods, Plaintiff, JOSHUA WOLFE, was forced to eat his own excrement or else starve, while confined in the suicide watch cell.

64. Under regulations promulgated by Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, Plaintiff, JOSHUA WOLFE, had a right, while confined in a close custody unit, to properly functioning sanitary fixtures, N.J.A.C. 10A:5-1.3(d)(1), and personal hygiene supplies, N.J.A.C. 10A:5-1.3(h)(1)(iii).

9

65. By violating or interfering with the regulations codified at N.J.A.C. 10A:5-1.3(d)(1) and 10A:5-1.3(h)(1)(iii), Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, acted in contravention of the regulations it had promulgated.

66. By disregarding, through its acts and/or omissions, the regulations it had promulgated, codified at N.J.A.C. 10A:5-1.3(d)(1) and 10A:5-1.3(h)(1)(iii), Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, acted unlawfully towards Plaintiff.

67. As a direct and proximate result of the conduct of Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, as aforesaid, Plaintiff, JOSHUA WOLFE, suffered emotional distress and mental anguish.

WHEREFORE, Plaintiff, JOSHUA WOLFE, demands judgment against Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, for compensatory damages, punitive damages, interest and costs of suit.

## COUNT V

### 42 U.S.C. SECTION 1983 CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT AGAINST FICTITIOUS INDIVIDUAL DEFENDANTS SUED IN THEIR INDIVIDUAL CAPACITIES

68. Plaintiff, JOSHUA WOLFE, repeats the allegations of the First-Fourth Counts, and incorporates the same by reference as if fully set forth at length herein.

69. The denial to Plaintiff, JOSHUA WOLFE, of a functioning sink, soap and water by Defendants, JOHN/JANE DOES 1-20, was cruel and unusual punishment.

70. By cruelly and unusually punishing Plaintiff, JOSHUA WOLFE, as aforesaid, Defendants, JOHN/JANE DOES 1-20, violated his Eighth Amendment right.

10

71. As a direct and proximate result of the conduct of Defendants, JOHN/JANE DOES 1-20,

as aforesaid, Plaintiff, JOSHUA WOLFE, suffered emotional distress and mental anguish.

WHEREFORE, Plaintiff, JOSHUA WOLFE, demands judgment against Defendants, JOHN/JANE

DOES 1-20, for compensatory damages, punitive damages, reasonable attorney's fees, interest

and costs of suit.

## COUNT VI

### TORT CLAIMS ACT CLAIM FOR NEGLIGENCE AGAINST DEPARTMENT OF THE STATE AND STATE PRISON MEDICAL PROVIDER

72. Plaintiff, JOSHUA WOLFE, repeats the allegations of the First-Fifth Counts, and incorporates the same by reference as if fully set forth at length herein.

73. On December 6, 2020 at approximately 7:30 P.M., Plaintiff, JOSHUA WOLFE, was confined in cell #2, A-compound infirmary, the same suicide watch cell.

74. The routine regarding cell #2, A-compound infirmary, the suicide watch cell, required Plaintiff, JOSHUA WOLFE, to come to the cell door in order to receive his prescription medications and food through a tray slot in the cell door.

75. At the aforesaid time and place, Plaintiff, JOSHUA WOLFE, heard voices outside his cell, indicating the approach of nurses and/or corrections officers.

76. At the same time, Plaintiff, JOSHUA WOLFE, heard the voice of another inmate somewhere in a neighboring cell protesting loudly.

77. The other inmate who was protesting in a neighboring cell may have attempted to flood his cell.

11

78. A male nurse approached Plaintiff, JOSHUA WOLFE's cell and stopped outside his cell.

79. At this moment in time, water from the flooded nearby cell had seeped under the cell door of Plaintiff's cell, cell #2, and had spread on the floor inside cell #2 in the vicinity of the cell door.

80. The condition of water on the floor inside cell #2 was open and obvious to the male nurse and a corrections officer, who were in the vicinity.

81. Further, the floor in cell #2 A-compound infirmary was painted over with gray paint.

82. The painted over condition of the floor in cell #2 A-compound infirmary added to its slipperiness.

83. Further, Plaintiff, JOSHUA WOLFE, was not provided with any slip-resistant footwear/socks to wear; rather, he was required to be barefoot.

84. Notwithstanding knowledge of the hazardous condition on the floor inside cell #2, the male nurse proceeded to give Plaintiff, JOSHUA WOLFE, instructions.

85. The male nurse instructed Plaintiff, JOSHUA WOLFE, to come to the door of his cell, crouch down on his knees, and put his arm through the tray slot in the door.

86. The corrections officer who was present did not contraindicate the male nurse's instruction, nor did he warn Plaintiff.

87. Plaintiff, JOSHUA WOLFE, did as the male nurse instructed him.

88. The male nurse took Plaintiff, JOSHUA WOLFE's blood pressure.

89. The male nurse then told Plaintiff, JOSHUA WOLFE, that he was done.

12

90. When Plaintiff, JOSHUA WOLFE, stood up upon being done, he slipped and fell on an accumulation of water on the floor of his cell in the vicinity of the cell door.

91. Plaintiff, JOSHUA WOLFE, served notices of tort claim on February 22, 2021.

92. As a direct and proximate result of the negligence of Defendants, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS and UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, as aforesaid, Plaintiff, JOSHUA WOLFE, suffered physical injury, including permanent injury, needed medical care, incurred medical expense, emotional distress and mental anguish.

WHEREFORE, Plaintiff, JOSHUA WOLFE, demands judgment against Defendants, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS and UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, for compensatory damages, interest and costs of suit.

## COUNT VII

### TITLE II OF THE ADA CLAIM/NJLAD PLACE OF PUBLIC ACCOMMODATION CLAIM AGAINST DEPARTMENT OF THE STATE

93. Plaintiff, JOSHUA WOLFE, repeats the allegations of the First-Sixth Counts, and incorporates the same by reference as if fully set forth at length herein.

94. When Plaintiff, JOSHUA WOLFE, slipped and fell on an accumulation of water inside his cell, the male nurse and a corrections officer were still in the vicinity.

95. The male nurse and corrections officer asked Plaintiff, JOSHUA WOLFE, if he was OK and if he could move.

13

96. Plaintiff, JOSHUA WOLFE, responded that he was in severe pain in his neck and right shoulder and he could not move at all.

97. Plaintiff, JOSHUA WOLFE, was a disabled individual.

98. Next, corrections officers put Plaintiff, JOSHUA WOLFE, in a wheelchair and wheeled him to a medical station.

99. Plaintiff, JOSHUA WOLFE, was seen by a male nurse.

100.    Plaintiff, JOSHUA WOLFE, told the nurse he was in severe pain in his neck and right shoulder and needed to go to a hospital.

101.    The male nurse called the doctor on the phone.

102.    The male nurse told Plaintiff, JOSHUA WOLFE, that the doctor told him to give Plaintiff, JOSHUA WOLFE, an injection for pain.

103.    The male nurse told Plaintiff, JOSHUA WOLFE, that the doctor told him to provide Plaintiff, JOSHUA WOLFE, with a neck brace.

104.    The male nurse told Plaintiff, JOSHUA WOLFE, that the doctor told him to return Plaintiff, JOSHUA WOLFE, to the same cell.

105.    The male nurse provided Plaintiff with the injection as instructed.

106.    The male nurse went to look for a neck brace.

107.    The male nurse returned and informed Plaintiff, JOSHUA WOLFE, that the medical department was out of supply of a neck brace.

108.    The male nurse then offered Plaintiff, JOSHUA WOLFE, a pillow as a substitute for a neck brace.

14

109.     Plaintiff, JOSHUA WOLFE, accepted the offer of a pillow.

110.     Plaintiff, JOSHUA WOLFE, was then wheeled back to the same cell with a pillow in his possession.

111.     Upon arrival in his cell, Plaintiff, JOSHUA WOLFE, went onto his bed with the pillow in his possession and put the pillow under his neck in an effort to ease the pain.

112.     During the night of December 6, 2020 – December 7, 2020, Plaintiff JOSHUA WOLFE, was lying on his bed in his cell when a sergeant approached the outside of his cell.

113.     The sergeant told Plaintiff, JOSHUA WOLFE, that he was not allowed to have a pillow in his cell.

114.     Plaintiff, JOSHUA WOLFE, explained to the sergeant that the reason he had the pillow was to ease the pain from a neck injury and the pillow had been provided by the medical department.

115.     The sergeant was unmoved, and ordered Plaintiff, JOSHUA WOLFE, to return the pillow to him.

116.     Plaintiff, JOSHUA WOLFE, obeyed the order and returned the pillow to the sergeant, who entered the cell and retrieved the pillow.

117.     The denial by the sergeant of a pillow was a denial of a reasonable accommodation for a disabled person; for that reason, it was unlawful under Title II of the ADA/place of public accommodation provision of NJLAD.

15

118.     As a direct and proximate result of the conduct of Defendant, STATE OF NEW

JERSEY DEPARTMENT OF CORRECTIONS, as aforesaid, Plaintiff suffered more pain than

he otherwise would have suffered, emotional distress and mental anguish.

WHEREFORE, Plaintiff, JOSHUA WOLFE, demands judgment against Defendant, STATE OF

NEW JERSEY DEPARTMENT OF CORRECTIONS, for compensatory damages, punitive damages,

reasonable attorney's fees, interest and costs of suit.

## COUNT VIII

### 42 U.S.C. SECTION 1983 CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT AGAINST FICTITIOUS INDIVIDUAL DEFENDANTS SUED IN THEIR INDIVIDUAL CAPACITIES

119.     Plaintiff, JOSHUA WOLFE, repeats the allegations of the First-Seventh Counts,

and incorporates the same by reference as if fully set forth at length herein.

120.     During the morning hours of December 7, 2020, Plaintiff, JOSHUA WOLFE, was

approached by a female nurse who came to the outside of his cell.

121.     Plaintiff, JOSHUA WOLFE, told the female nurse he was in severe pain and asked

when he would be getting x-rays.

122.     The female nurse was unaware what Plaintiff, JOSHUA WOLFE, was talking

about.

123.     The female nurse offered Plaintiff, JOSHUA WOLFE, a Motrin and left the cell

area.

124.     On December 7, 2020, at approximately 10 A.M., Plaintiff, JOSHUA WOLFE, was

transported from cell #2, A-compound infirmary, to a closed custody cell.

16

125.     Plaintiff, JOSHUA WOLFE, was approached by a female nurse while he was in the closed custody cell who had come to provide him with his medication.

126.     Plaintiff, JOSHUA WOLFE, told the nurse he was in severe pain and his right arm was numb and tingling.

127.     The female nurse told Plaintiff, JOSHUA WOLFE, she would document his complaints, and left the cell area.

128.     Shortly thereafter, on December 7, 2020, Plaintiff, JOSHUA WOLFE, was transported from Southern State Correctional Facility to South Woods State Prison.

129.     Upon arrival in South Woods State Prison, Plaintiff, JOSHUA WOLFE, was examined by Defendant, JOHN/JANE DOE 21, a nurse.

130.     Plaintiff, JOSHUA WOLFE, told Defendant, JOHN/JANE DOE 21, his neck was in severe pain, his whole right arm was numb and he needed a neck brace.

131.     Plaintiff, JOSHUA WOLFE, was denied medical care and a neck brace by the initial intake nurse, Defendant, JOHN/JANE DOE 21.

132.     Plaintiff, JOSHUA WOLFE, had a serious medical condition.

133.     Further, Plaintiff, JOSHUA WOLFE, was told by Defendant, JOHN/JANE DOE 21, the initial intake nurse, that Southern State Correctional Facility hadn't documented his accident and hadn't passed the information on to SWSP.

134.     Plaintiff, JOSHUA WOLFE, was told by Defendant, JOHN/JANE DOE 21, the initial intake nurse, to drop a slip.

17

135.     Over the course of time, Plaintiff, JOSHUA WOLFE, was denied medical care and

a neck brace for his serious medical condition by Defendants, JOHN/JANE DOES 21-40,

the South Woods State Prison medical staff.

136.     Plaintiff, JOSHUA WOLFE, dropped two or three medical slips between December

7, 2020 and December 16, 2020.

137.     The medical slips dropped by Plaintiff, JOSHUA WOLFE, between December 7,

2020 and December 16, 2020 did not garner any response from the SWSP medical staff.

138.     Further, knowledge of Plaintiff, JOSHUA WOLFE's serious medical condition on

the part of Defendants, JOHN/JANE DOES 21-40, did not garner any response offering

medical care from the SWSP medical staff from December 17, 2020 to January 28, 2021.

139.     The failure of Defendants, JOHN/JANE DOES 21-40, the SWSP medical staff, to

offer any medical care for Plaintiff, JOSHUA WOLFE's serious medical condition

extended beyond January 28, 2021.

140.     The delay/denial of medical care by Defendants, JOHN/JANE DOES 21-40, was

deliberate indifference to a serious medical need and for that reason infringed on

Plaintiff's Eighth Amendment right.

141.     As a direct and proximate result of the conduct of Defendants, JOHN/JANE DOES

21-40, as aforesaid, Plaintiff, JOSHUA WOLFE, suffered physical injury including

permanent injury, more pain and progression of his physical injuries than otherwise

would have been the case, needed further medical care, incurred additional medical

expense, emotional distress and mental anguish.

18

WHEREFORE, Plaintiff, JOSHUA WOLFE, demands judgment against Defendants, JOHN/JANE DOES 21-40, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## JURY DEMAND

Plaintiff, JOSHUA WOLFE, demands a trial by jury of all issues which are triable by a jury.

## DESIGNATION OF TRIAL COUNSEL

Peter Kober, Esq. is designated as trial counsel for Plaintiff, JOSHUA WOLFE, in this action.

KOBER LAW FIRM, LLC

BY:   s/ Peter Kober
Peter Kober, Esq.

DATED: November 15, 2021

## CERTIFICATION OF NO OTHER ACTIONS

The matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in this action. I recognize the continuing obligation of each party to file and serve on all other parties and the court an amended certification if there is a change in the facts of this certification.

KOBER LAW FIRM, LLC

BY:   s/ Peter Kober
Peter Kober, Esq.

DATED: November 15, 2021

19

**VERIFICATION**

I have read the verified complaint and the information contained in it is true and based on my personal knowledge.

The foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Joshua Wolfe

DATED: 11-6-21

# Civil Case Information Statement

## Case Details: CUMBERLAND | Civil Part Docket# L-000768-21

Case Caption: WOLFE JOSHUA  VS STATE OF NJ DEPT
OF  CORRECTIO

Case Initiation Date: 11/15/2021

Attorney Name: PETER M KOBER

Firm Name: KOBER LAW FIRM LLC

Address: 1864 RTE 70 EAST

CHERRY HILL NJ 08003

Phone: 8567615090

Name of Party: PLAINTIFF : Wolfe, Joshua

Name of Defendant's Primary Insurance Company
(if known): None

Case Type: PERSONAL INJURY

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? YES

Are sexual abuse claims alleged by: Joshua Wolfe? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   Prisoner/Provider

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** YES  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/15/2021</u>
Dated

<u>/s/ PETER M KOBER</u>
Signed

```
CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON        NJ 08302
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   NOVEMBER 15, 2021
                    RE:     WOLFE JOSHUA  VS STATE OF NJ DEPT OF  CORRECTIO
                    DOCKET: CUM L -000768 21


    THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES R. SWIFT

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      102
AT:  (856) 878-5050 EXT 15327.


    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                            ATT: PETER M. KOBER
                            KOBER LAW FIRM LLC
                            1864 RTE 70 EAST
                            CHERRY HILL      NJ 08003


ECOURTS
```