UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSHUA WOLFE,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS,** *et al.*,<br><br>Defendants. | Case No. 21–cv–20302–ESK–SAK<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on motions for summary judgment filed by defendants Ayodiran Ayorinde and University Correctional Health Care (University Correctional) (University Correctional Motion) (ECF No. 63), and Frank Martinez, Edwin Roman, and the New Jersey Department of Corrections (Department) (State Motion) (ECF No. 71). Plaintiff Joshua Wolfe opposes both motions. (ECF No. 73; ECF No. 81.) For the following reasons, I will grant summary judgment to defendants on the federal claims in the amended complaint. The remaining state law claims will be remanded to the Superior Court of New Jersey, Cumberland County.

## BACKGROUND & PROCEDURAL HISTORY

1. On November 15, 2021, plaintiff filed a complaint in the New Jersey Superior Court, Cumberland County against the Department, University Correctional, and John/Jane Does, *Wolfe v. State of New Jersey Department of Corrections*, No. CUM–L–00768–21. (ECF No. 1–2.) The Department removed the complaint to federal court on December 2, 2021. (ECF No. 1.)

2. On May 19, 2022, plaintiff filed an amended complaint adding Ayorinde, Martinez, and Roman as defendants to replace some of the Doe defendants. (ECF No. 19.)

3. The amended complaint raises eight claims about plaintiff's confinement in Southern State Correctional Facility (Southern State). Count I alleges the Department violated state regulations when it failed to place him into protective custody after he told Southern State employees that he was afraid for his life. (*Id.* ¶¶ 10, 114, 116, 118.) Count II alleges Martinez denied

plaintiff due process when Martinez failed to give plaintiff the opportunity to complete a voluntary protective custody consent form. (*Id.* ¶¶ 28, 119, 120.) Count III alleges Martinez retaliated against plaintiff by placing him into a "suicide watch" cell after plaintiff asked for protective custody. (*Id.* ¶¶ 121, 122.) Count IV alleges the Department violated state regulations when it failed to ensure the cell had sanitary fixtures and that plaintiff had personal hygiene supplies. (*Id.* ¶¶ 126, 128.) Count V alleges the Doe defendants violated plaintiff's Eighth Amendment rights by denying him a functioning sink, soap, and water in the cell. (*Id.* ¶ 129.) Count VI is a state law negligence claim alleging that the Department, University Correctional, Ayorinde, and Roman caused plaintiff injury when he slipped and fell on water inside his cell. (*Id.* ¶ 131.) Count VII alleges the Department violated Title II of the Americans with Disabilities Act (Disabilities Act), 42 U.S.C. § 12132, and the New Jersey Law Against Discrimination (Discrimination Law), N.J.S.A. 10:5–1, *et seq*. (*Id.* ¶ 132.) Count VIII alleges the Doe defendants violated plaintiff's Eighth Amendment rights by denying him necessary medical care after his slip and fall. (*Id.* ¶ 133.)

4.   The University Correctional Motion argues Count VI should be dismissed against University Correctional and Ayorinde because they "are not liable … for a slip-and-fall which occurred on a property that is neither owned or maintained by defendants and as a result of an alleged dangerous condition that was not caused by defendants." (ECF No. 63–2 p. 4.) In particular, they point to plaintiff's concession in his statement responding to their statement of undisputed material facts that the inmate in the cell next to plaintiff was the one who spilled water all over the floor. (ECF No. 83 p. 7 (citing ECF No. 73–1 ¶ 8.) Alternatively, they argue that they "are entitled to summary judgment dismissing plaintiff's negligence claim seeking non-economic damages … because plaintiff cannot prove the existence of a permanent loss of bodily function that is substantial." (ECF No. 63–2 p. 6.)

5.   The State Motion argues the federal claims against the Department, Martinez, and Roman should be dismissed because plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (ECF No. 71–1 p. 10.) They also argue his claims based on the state administrative code do not provide for a private right of action. (*Id.*)

## DISCUSSION

6.   Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

7. Under the Prison Litigation Reform Act, prisoners must "exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). This includes constitutional claims, *Woodford v. Ngo*, 548 U.S. 81, 91 n. 2 (2007), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Bayete v. Dep't of Corr.*, No. 22–02975, 2023 WL 8827474, at *3 (D.N.J. Dec. 21, 2023) (noting exhaustion requirement applies to Disabilities Act claims).

8. The exhaustion requirement "language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross*, 578 U.S. at 638-39 (citing *Woodford*, 548 U.S. at 85). "There is no question that exhaustion is mandatory … and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

9. Plaintiff concedes that he did not exhaust his federal claims before filing his complaint in state court. (ECF No. 81 p. 5.) He also concedes that those claims must be dismissed. (*Id.*)

10. After considering the declaration of John Falvey, the Department's Division Director, filed in support of defendants' failure to exhaust argument, (ECF No. 71–6), and as both parties agree that plaintiff did not exhaust his federal claims, I find that there is no genuine issue of disputed fact as to plaintiff's failure to exhaust. Therefore, I will grant the State Motion to the extent it seeks summary judgment on plaintiff's federal claims, *i.e.*, Counts II and III as well as the Disabilities Act claim in Count VII.

11. I will also dismiss plaintiff's federal claims against the still unnamed Doe defendants, Counts V and VIII. Fact discovery closed June 16, 2023. (ECF No. 53 ¶ 1.) Despite the close of discovery, plaintiff has failed to identify these unnamed defendants. Because plaintiff has failed to identify them and because the time for doing so has since past, I must dismiss them pursuant to Federal Rule of Civil Procedure 21, which allows a court to "on motion or on its own, … at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also Blakeslee v. Clinton County*, 336 F. App'x 248, 250 (3d Cir. 2009) (affirming dismissal of Doe defendants pursuant to Rule 21). "Use of John Doe

defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified.  If reasonable discovery does not unveil the proper identities, however, the John Doe defendants must be dismissed."  *Id.*  Plaintiff has had more than enough time to allow him to identify the individual unnamed defendants and thereafter to amend the complaint, but he has failed to do so.  Combined with plaintiff's admitted failure to exhaust his administrative remedies for the federal claims, dismissal of Counts V and VIII is warranted.

12.  Having dismissed all claims over which the Court had federal question jurisdiction, 28 U.S.C. § 1331, I must now determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims in Counts I, IV and VI and the Discrimination Law claim in Count VII. 28 U.S.C. § 1367.  The Third Circuit "has recognized that 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'"  *Hedges v. Musco*, 204 F.3d 109, 123 (3rd Cir. 2000) (emphasis in original) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); *see also Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) ("It is axiomatic that when all federal claims are eliminated prior to trial, a court should decline to exercise jurisdiction over any remaining pendent state claims." (internal quotation marks omitted)).

13.  I find that there are no considerations that would require the Court to retain supplemental jurisdiction over the state law claims.  This action was originally filed in state court and removed to federal court, so a remand will return the action to plaintiff's original forum choice.  I have only been recently assigned to this action, so the parties will not be deprived of a judge that is extensively familiar with the proceedings.  Finally, comity favors dismissal, as the state court is best positioned to consider purely state law claims.

Accordingly,

**IT IS** on this   **11th** day of **September 2024**   **ORDERED** that:

1.  The State Motion at ECF No. 71 is granted in part and dismissed in part. Summary judgment is awarded on the federal claims asserted in plaintiff's amended complaint.

2.  The University Correctional Motion at ECF No. 63 is dismissed without prejudice.

3. The Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims.  28 U.S.C. § 1367(c)(3).

4. The Court REMANDS those state-law claims to the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. CUM–L–00768–21.

5. The Clerk of the Court is directed to close this matter after entry of this opinion and order.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**
